1998 ND 136

**In the Matter of the PETITION FOR CHANGE OF DESIGNATION OF RESIDENT DISTRICT COURT JUDGESHIP NO. 8 With Chambers at Linton, North Dakota, South Central Judicial District, to Chambers at Mandan, North Dakota South Central Judicial District.**

No. 980112.

Supreme Court of North Dakota.

July 1, 1998.

### ORDER OF DENIAL

[¶ 1] On April 13, 1998, the Honorable Benny A. Graff, Presiding Judge of the South Central Judicial District filed a Petition for Change of Designation of Resident District Court Judgeship Chamber under Administrative Rule 7.1(2) requesting the Supreme Court to change the designation of District Court Judgeship No. 8, with chambers at Linton, North Dakota, to chambers at Mandan, North Dakota. Judge Graff made the request in view of the abolition of District Court Judgeship No. 3, with chambers in Mandan, which was effective March 11, 1998. Included with the Petition was a report addressing criteria for consideration which included information on caseload statistics; number and location of attorneys; community facilities and convenience of travel access from surrounding communities; court facilities; proximity to detention facilities; proximity to Department of Human Services; impact on travel time for judges, court personnel, lawyers and litigants; district population; impact on judicial system employees; and the recommendation of the presiding judge and judges of the district.

[¶ 2] After notice, a hearing was held in the Supreme Court courtroom on May 22, 1998, in which additional information was received from interested individuals.

[¶ 3] Recognizing that caseload statistics as well as some other factors specified in Administrative Rule 7.1 support the transfer of the chamber from Linton to Bismarck, we also recognize section 27-05-08(1), N.D.C.C., requires 30% of the judges to be chambered in cities with a population of less than 10,000, acknowledging that although the workload may not be as great, there still exists a need for judicial services in the more rural areas of the State. Relying solely on the factors in Administrative Rule 7.1 could result in a transfer of judges to larger cities so as to reduce the number of judges chambered in cities of less than 10,000 population to less than 30% of the total judges.

[¶ 4] The location of the chamber of the judge is made less significant by the amendment of section 27-05-08(2), N.D.C.C., in 1993, to delete the requirement that a judge reside in the county in which the judge's chamber is located and to require only that a judge reside in that district in which the judge is chambered. See 1993 N.D.Sess. Laws ch. 318, § 1. We recognize that a judge chambered in a county in a rural area will have substantial duties and spend considerable time in other counties of the district.

[¶ 5] Although the workload might justify the transfer of the chamber from Linton to Bismarck, because the actual chambering of a judge is made less significant by these developments and because the requirement that 30% of the judges be chambered in cities of less than 10,000 population is a matter of public policy, the Court finds no compelling reason to transfer the chamber from Linton to Mandan.

[¶ 6] The denial of the Petition is not intended to limit the authority of the Presiding Judge to assign cases among the judges of the district as provided by Administrative Rule 2.

[¶ 7] IT IS THEREFORE ORDERED, the Petition for Change of Designation of Resident District Court Judgeship No. 8 with Chambers at Linton, North Dakota, South Central Judicial District is DENIED.

[¶ 8] Dated at Bismarck, North Dakota, this 1st day of July, 1998.

[¶ 9.] /s/ Gerald W. VandeWalle
Gerald W. VandeWalle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

Mary Muehlen Maring
Mary Muehlen Maring
Justice

William A. Neumann
William A. Neumann
Justice

Dale V. Sandstrom
Dale V. Sandstrom
Justice